UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ENROY THOMAS                                                                 **14 CV 1508 (JG)(VVP)**

                          Plaintiff,                              **SECOND AMENDED
                                                                             COMPLAINT**

      -against-                                                      **JURY DEMAND**

THE CITY OF NEW YORK, P.O.
DANIELLE DESJARDIN (Shield #30817),
SERGEANT MARIO MICHEL and
P.O. MATTHEW KRAUSZER,

                         Defendants.
----------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the

defendants, The City of New York, P.O. Danielle DesJardin (Shield #30817), Sergeant Mario

Michel and P.O. Matthew Krauszer (collectively "defendants"), upon information and belief

alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by

Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the City and State

of New York].

      2. Plaintiff seeks monetary damages for: the false arrest and false imprisonment of

Plaintiff, Enroy Thomas, and otherwise, for the violation of Plaintiff's federally guaranteed

constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in

order to serve the interest of justice and assure that his remedy is full and complete.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5.  Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6.  The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7.  Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of her rights.

**PARTIES**

8.  Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

9.  Upon information and belief and at all times relevant herein, defendants P.O. Danielle DesJardin (Shield #30817), Sergeant Mario Michel and P.O. Matthew Krauszer (hereinafter "defendant officers") were, and still are, agents and/or officers employed by defendant City of

New York.

10.   At all times herein, the defendant officers were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11.   The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant officers through its Police Department and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12.   Plaintiff is suing the defendant officers in their individual and official capacities.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13.   On or about July 22, 2013, at approximately 1:00 a.m., defendant officers, acting in concert and without probable cause, assaulted and arrested plaintiff on Blake Avenue, at or near its intersection with East 98th Street, Brooklyn, Kings County, New York and later transported him, in custody, to the 73rd Police Precinct.

14.   Plaintiff, however, did not commit any offense against the laws of the City and/or State of New York for which he may lawfully be arrested.

15.   At the aforementioned time and place, plaintiff was driving a 2000 Nissan Van on Blake Avenue and when he came to its intersection with East 98th Street, he stopped at a stop

sign and then made a left turn unto East 98th Street, and stopped at a red light.

16.  As plaintiff was waiting at the red light, he noticed a police car coming behind him. When the traffic light turned green, plaintiff made a turn unto Winthrop Street.

17. Upon plaintiff turning unto Winthrop Street, the police vehicle also made a turn unto Winthrop Street behind plaintiff with its emergency light now flashing.

18. Plaintiff stopped and the police drove around and blocked plaintiff's vehicle. There were three police officers inside the police car.

19. The officers asked plaintiff to get out of his car and he complied. They asked for his driver license and he gave it to them.

20. Without explaining to plaintiff why he had been stopped, the officers placed plaintiff in handcuffs there on the public street.

21. Plaintiff asked why he was being arrested but the officers ignored his questions and pushed him into the police car and transported him to the 73rd Police Precinct where he was searched, fingerprinted, photographed and detained in a cell for many hours.

22. After detaining plaintiff for a lengthy period of time, the officers took plaintiff out of the cell and issued him two traffic tickets for allegedly being in possession of more than one ear phone and failing to comply with police.

23. After handing the two tickets to the plaintiff, the officers said to plaintiff that he was lucky to be issued only two tickets.

24. Plaintiff replied that they had no justification at all to issue any tickets to him because he had done nothing to warrant issuance of any tickets to him. Then plaintiff requested that the officers provide him with their badge numbers.

25. Upon plaintiff asking for their badge numbers, the officers took plaintiff back into the cell and detained him there for several more hours.

26. After detaining plaintiff for further hours, the officers brought him out again and issued him three additional traffic tickets in retaliation for demanding their badge numbers.

27. The three additional tickets alleged the following offenses: failure to produce proof of insurance, failure to produce registration and reckless driving. Plaintiff did not commit any of these offenses.

28. Thereafter, plaintiff was released without being taken to Central Booking and without being arraigned in court.

29. After his release, plaintiff was required to return to the Traffic Violation Bureau on numerous occasions to defend the false charges levied against him.

30.  On or about January 2, 2014, all the charges levied against plaintiff were dismissed.

31. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

32.  Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

33. Plaintiff suffered physical injuries, including injury to his wrists. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, loss of earnings and other financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

34. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including defendant officers in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendant officers, to engage in unlawful conduct.

36. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

37. The actions and conduct of the Defendant Officers and the policies and practices of the City of New York were negligent and were the proximate cause of damages to the Plaintiff.

38. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

39. The Plaintiff has no other adequate remedy at law but for this action.

**AND AS FOR A FIRST CAUSE OF ACTION**

40. Plaintiff reiterates paragraphs 1 through 39 and incorporates such by reference herein.

41. The conduct of the defendant officers, as described herein, amounted to false arrest, false imprisonment, use of excessive force, illegal and unreasonable stop, frisk, search and seizure, racial profiling, pattern of harassment, abuse of authority, fabrication of evidence, and violation of due process rights.

42. Such conduct violated plaintiff's right under 42 U.S.C. § 1983 and the Fourth, Fifth,

Sixth and Fourteenth Amendments to the United States Constitution. By violating plaintiff's

constitutional rights under color of State Law, the Defendant Police Officers violated the Civil

Rights Act of 1871, 42 U.S.C. Section 1983.

43. Consequently, plaintiff has been damaged and hereby demands compensatory and

punitive damages in an amount to be proven at trial against each of the defendants, individually

and severally.

## AND AS FOR A SECOND CAUSE OF ACTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45.  Defendant Police Officers falsely arrested and imprisoned plaintiff in violation of the

Common Law.

46. The false arrest and imprisonment of plaintiff was carried out without a valid warrant,

without plaintiff's consent, and without probable cause or reasonable suspicion.

47. Defendant Police Officers acted with malice and reckless and intentional disregard for

Plaintiff's rights under common law when they arrested and imprisoned Plaintiff without any

justification. Therefore, said Defendant Police Officers are guilty of egregious and gross

misconduct towards plaintiff, and plaintiff prays for an award of punitive damages against the

individual defendants.

48. As a direct and proximate result of the misconduct and abuse of authority detailed

above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates such by reference herein.

50. The conduct of defendant officers, as described herein, amounted to assault and

battery on the plaintiff. The assault and battery was willful, unlawful, unwarranted, and intentional.

51. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer injuries to wrists, emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

52. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

53. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

### AND AS FOR A FOURTH CAUSE OF ACTION

54. Plaintiff reiterates paragraphs 1 through 53 and incorporates such by reference herein.

55. By arresting and detaining plaintiff without justification, probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against him, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

55. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. The Defendant Officers acted under pretense and color of state law and in their

individual and official capacities and within the scope of their respective employment as NYPD

Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without

authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly,

and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article

1, Section 12 of the New York State Constitution.

57. Defendants, their officers, attorneys, agents, servants and employees were responsible

for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of

the defendant officers, is responsible for their wrongdoing under the common law doctrine of

*respondeat superior.*

58. As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

59. Plaintiff reiterates paragraphs 1 through 58 and incorporates such by reference herein.

60. The foregoing violations of plaintiff's federal constitutional rights and resultant

injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant

City of New York, amounting to deliberate indifference to the constitutional rights of persons,

including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

61. Defendant City of New York failed to provide proper training and/or failed to insure

that the training provided was adequately understood in regard to the following tasks which

police officers commonly perform:

(a)     The determination of probable cause to make an arrest;

(b)     The duty to take into account the totality of the circumstances in determining the
        existence of probable cause to make an arrest;

(c)     The circumstances under which investigative detentions may lawfully occur and
        the manner in which they may lawfully be executed;

(d)     The very limited circumstances under which a warrantless search may be carried
        out.

(e)     The circumstances under which traffic stops and detentions may be lawfully
        made.

62. Defendant City of New York, acting through the New York Police Department, had
actual and/or de facto policies, practices, customs and/or usages of failing to properly train,
supervise or discipline its police officers concerning correct practices in making traffic stops,
conducting investigations, the use of force, interviewing of witnesses and informants, assessment
of the credibility of witnesses and informants, reasonable search of individuals and/or their
properties, the seizure, voucher and/or release of seized properties, obligation not to promote or
condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an
arrest only when probable cause exists for such arrest.

63. Defendant City of New York, acting through aforesaid NYPD had actual and/or de
facto policies, practices, customs and/or usages of racially profiling, wrongfully arresting,
illegally stopping, frisking, searching, seizing, abusing and humiliating individuals who are
members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they
had committed traffic offenses or involved in drugs or other illicit activities.

64. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or

customs (including the failure to properly instruct, train, supervise and/or discipline employees

with regard thereto) were implemented or tolerated by policymaking officials for the Defendant

City of New York, including but not limited to, the New York City Police Commissioner, who

knew or should have known that such policies, procedures, regulations, practices and/or customs

concern issues that regularly arise in the investigation and prosecution of criminal cases;

65. The policymaking officials at NYPD know or ought to have known that such issues

that regularly arise in the investigation and prosecution of criminal cases either present police

employees with difficult choices of the sort that instruction, training and/or supervision will

make less difficult or that the need for further instruction, training, supervision and/or discipline

was demonstrated by a history of police employees mishandling such situations and making the

wrong choice.

66. The aforementioned policymaking officials knew that the wrong choice by police

officers concerning determination of probable cause will frequently cause the deprivation of the

constitutional rights of criminal suspects or defendants and cause them constitutional injury.

67. Further, the existence of the aforesaid unconstitutional policies, practices, customs

and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

68. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y.

2011), the Southern District of New York observed that the City of New York had been accused

of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought

against it concerning racial profiling.

69. In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10

(S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the

NYPD, engages in illegal and unreasonable stop, frisk, search and seizure. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

70. Additionally, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

71. Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

72. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

73. There have been numerous cases in the courts alleging that officers of the NYPD routinely target blacks motorists and subject them to unlawful search and seizure for what has been dubbed the offense of "driving while black".

74. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

75. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline police officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

76. During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the public including plaintiff.

77. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

78 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

79. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of Plaintiff's rights under the Constitution and laws of the United States.

80. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

### AND AS FOR A SIXTH CAUSE OF ACTION

**(Negligent Hiring, Training and Supervision Under State Law; Defendant City)**

81. Plaintiff reiterates paragraphs 1 through 80 and incorporates such by reference herein.

13

82. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

83. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.       For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii.      For punitive damages against the individual defendants in an amount to be determined at trial;

iii.     For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.      For pre-judgment interest as allowed by law; and

v.       For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       October 30, 2014

                                                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                  By:                /s/
                                              Philip Akakwam, Esq. (PA-8294)
                                              Attorneys for the Plaintiff
                                              303 Livingston Street, 2nd Floor
                                              Brooklyn, N.Y. 11217
                                              (718) 858-2488

To:    James F. Horton, Esq.
        Assistant Corporation Counsel
        New York City Law Department
        Attorneys for Defendants
        100 Church Street
        New York, N.Y. 10007

14 CV 1508 (JG)(VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ENROY THOMAS

                         Plaintiff,

     -against-

THE CITY OF NEW YORK,
P.O. DANIELLE DESJARDIN (Shield #30817),
 "JOHN DOE AND JANE DOE #1-2"
(the names John and Jane Doe being fictitious
as their true names are presently unknown),

                         Defendants.

---

## SECOND AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____